DeWALD v ISOLA (AFTER REMAND)

Docket No. 126816. Submitted March 12, 1991, at Lansing. Decided May 6, 1991, at 9:20 A.M.

Jerome W. DeWald brought an action in the Ingham Circuit Court against Amy L. Isola and Beth L. Isola, seeking specific performance of a contract for the sale of real estate. The court, Peter D. Houk, J., granted summary disposition for the defendants, ruling that the action was barred by the statute of frauds, but denied the defendants' motion for sanctions for a frivolous claim. The Court of Appeals reversed and remanded for assessment and imposition of sanctions. 180 Mich App 129 (1989). On remand, the trial court awarded the defendants costs and reasonable attorney fees incurred until dismissal by summary disposition, but denied their request for costs and reasonable attorney fees incurred as a result of their appeal and the subsequent proceedings on remand. The defendants appealed.

The Court of Appeals *held:*

The postjudgment costs and attorney fees incurred by the defendants in their original appeal and on remand are outside the scope of MCL 600.2591; MSA 27A.2591 and MCR 2.114, 2.625(A)(2), which provide for an award of costs and reasonable attorney fees to a party who prevails over a frivolous claim or defense.

The costs, including reasonable attorney fees, incurred by the defendants at the trial level were the direct result of the plaintiff's pursuit of a frivolous cause of action and were clearly within the scope of the sanctions allowable under the statute and court rules. However, the expenses incurred on appeal and remand were directly caused by the trial court's erroneous decision and the defendants' decision to appeal, not by the plaintiff's initial filing of a frivolous complaint.

Affirmed.

REFERENCES

Am Jur 2d, Costs §§ 10, 72.

Construction and application of state statute or rule subjecting party making untrue allegations or denials to payment of costs or attorneys' fees. 68 ALR3d 209.

Costs — Attorney Fees — Frivolous Claims — Appeal.
  Costs and reasonable attorney fees which may be awarded to a
    party who prevails in a trial court over a frivolous claim or
    defense are not authorized for costs and fees incurred by that
    party in a successful appeal from the trial court's denial of
    sanctions or in proceedings on remand from such an appeal
    (MCL 600.2591; MSA 27A.2591; MCR 2.114, 2.625[A][2]).

*Sinas, Dramis, Brake, Boughton & McIntyre,
P.C.* (by *Bernard F. Finn* and *Deborah G. Adams*),
for the plaintiff.

*Livorine & Wells* (by *R. Richard Livorine*), for
the defendants.

### AFTER REMAND

Before: NEFF, P.J., and MURPHY and MARILYN
KELLY, JJ.

MURPHY, J. Plaintiff's claim against defendants
was dismissed on December 7, 1987. Defendants
appealed, arguing that the trial court erred in
denying their motion for sanctions pursuant to
MCL 600.2591; MSA 27A.2591 and MCR 2.114,
2.625(A)(2). On appeal, this Court reversed, finding
that plaintiff's claim against defendants was frivo-
lous, and remanded the case for assessment and
imposition of sanctions in accordance with the
statute and court rules. See *DeWald v Isola,* 180
Mich App 129; 446 NW2d 620 (1989).

On remand, the trial court awarded defendants
$2,587.50 for costs and reasonable attorney fees
incurred as a result of the frivolous action pursued
by plaintiff in the lower court, but denied defen-
dants' request for costs and reasonable attorney
fees incurred as a result of their appeal to this
Court and the subsequent remand proceedings.
Defendants appeal as of right. We affirm.

On appeal, defendants contend that the trial court erred when it ruled that the postjudgment costs and attorney fees incurred by defendants in their original appeal and on remand are outside the scope of the statute and court rule providing for an award of costs and reasonable attorney fees to the party who prevails over a frivolous claim or defense. We disagree.

It is well established that attorney fees are not generally recoverable, either as an element of costs or as an item of damages, unless expressly allowed by statute or court rule. *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986).

MCR 2.625(A)(2) provides:

> In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591; MSA 27A.2591. [See also MCR 2.114.]

MCL 600.2591; MSA 27A.2591 provides in pertinent part:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their [sic] attorney.
>
> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

In ruling that the requested costs and attorney fees incurred on appeal and on remand were out-

side the scope of the statute and court rule, the trial court relied on *Gianetti Bros Construction Co v Pontiac,* 175 Mich App 442; 438 NW2d 313 (1989). In that case, this Court determined that postjudgment appellate attorney fees were outside the scope of the "actual costs" recoverable pursuant to GCR 1963, 316.7 and 316.8 or MCR 2.403 as sanctions for rejecting a mediation evaluation. This Court reasoned that sanctions for appellate expenses are expressly set forth in MCR 7.216(C), which does not provide for mediation sanctions for appellate activities. *Id.,* 447. See also *American Casualty Co v Costello,* 174 Mich App 1, 13; 435 NW2d 760 (1989), and *Plumbers & Pipefitters Local Union No 190 v Wolff,* 141 Mich App 815, 818-819; 369 NW2d 237 (1985). Although the *Gianetti* decision concerned mediation sanctions, we agree with the trial court that the same reasoning may be applied in the present case.

MCL 600.2445; MSA 27A.2445 provides that an appellant may recover costs on appeal if he improves his position as a result of the appeal, and an appellee may recover costs on appeal if the appellant does not improve his position. MCR 7.219 sets forth the costs that the prevailing party on appeal may properly tax. Significantly, these taxable costs do not include attorney fees. However, MCR 7.216(C) sets forth a procedure by which a party may recover actual damages and expenses incurred as the result of a vexatious appeal or proceeding in an appeal. We conclude that the structure of the court rules shows an intent that appellate attorney fees may be allowed as taxable costs only when the appeal itself, or some proceeding within that appeal, is vexatious. Thus, in the absence of vexatious action by plaintiff on appeal, defendants could seek only the appellate costs provided by statute.

Recently, the United States Supreme Court reached a similar conclusion when it construed the sanction provision of FR Civ P 11 in *Cooter & Gell v Hartmarx Corp,* 496 US —; 110 S Ct 2447; 110 L Ed 2d 359 (1990). The United States District Court for the District of Columbia had awarded sanctions to the respondents, including reasonable attorney fees, because the petitioner had violated Rule 11 by filing a factually baseless complaint. The United States Court of Appeals for the District of Columbia affirmed the award and additionally held that the respondents were entitled to reimbursement for attorney fees they had incurred in defending their award on appeal. The Supreme Court affirmed the sanctions awarded in the district court, but reversed the Court of Appeals' inclusion of appellate attorney fees in that award.

The Supreme Court rejected the respondents' argument, one which was similar to that made by defendants in the present case, that none of their appellate expenses, including attorney fees, would have been incurred if the petitioners' frivolous lawsuit had not been filed:

> This line of reasoning would lead to the conclusion that expenses incurred "because of" a baseless filing extend indefinitely. Such an interpretation of the rule is overbroad. We believe Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically, those at the trial level. A plaintiff's filing requires the defendant to take the necessary steps to defend against the suit in district court; if the filing were baseless, attorneys' fees incurred in that defense were triggered by the Rule 11 violation. If the district court imposes Rule 11 sanctions on the plaintiff, and the plaintiff appeals, the expenses incurred in defending the award on appeal are directly caused by the district court's sanction and the appeal of that sanction, not the

plaintiff's initial filing in district court. [110 L Ed 2d 382. Citation omitted.]

The Court went on to explain that Federal Rule of Appellate Procedure 38 places a "natural limit" on the scope of FR Civ P 11 by providing the Court of Appeals with the authority to award sanctions if it determines that an appeal is frivolous. *Id.,* 383. If the appeal of a Rule 11 sanction is itself frivolous, Rule 38 gives appellate courts ample authority to award expenses. *Id.* However, the Court noted:

> If the appeal is not frivolous under this standard, Rule 38 does not require the appellee to pay the appellant's attorney's fees. Respondent's interpretation of Rule 11 would give a district court the authority to award attorney's fees to the appellee even when the appeal would not be sanctioned under the appellate rules. To avoid this somewhat anomalous result, Rules 11 and 38 are better read together as allowing expenses incurred on appeal to be shifted onto appellants only when those expenses are caused by a frivolous appeal, and not merely because a Rule 11 sanction upheld on appeal can ultimately be traced to a baseless filing in district court. [*Id.*]

The Supreme Court explained that this result was consistent with the policy of not discouraging meritorious appeals while, nevertheless, protecting the appellees' sanction award from a frivolous appeal through the possibility of sanctions at the appellate level. *Id.,* 383-384. However, the Court concluded that the risk of expending the value of the award in the course of defending it on appeal is a natural consequence of the general rule that the prevailing litigant is not ordinarily entitled to collect attorney fees from the loser. *Id.,* 384.

Although the procedural posture of the present case is the reverse of that in *Cooter,* the Supreme

Court's reasoning is nevertheless applicable. The costs, including reasonable attorney fees, incurred by defendants at the trial level were the direct result of plaintiff's pursuit of a frivolous cause of action and were clearly within the scope of the sanctions allowable under MCR 2.114, 2.625(A)(2), and MCL 600.2591; MSA 27A.2591. However, the expenses incurred by defendants on appeal and remand, after the trial court's refusal to impose sanctions under the statute and court rules, were directly caused by the trial court's erroneous decision and defendants' consequent decision to appeal, not by plaintiff's initial filing of a frivolous complaint in the circuit court. This Court determined, in defendants' first appeal, that plaintiff's cause of action was frivolous, but did not expressly authorize an award of appellate attorney fees. We conclude that it is inappropriate to expand the scope of MCR 2.114, 2.625(A)(2), and MCL 600.2591; MSA 27A.2591 to cover costs, including attorney fees, incurred on appeal and remand of a frivolous action.

Significantly, this Court awarded defendants costs, presumably pursuant to MCL 600.2445; MSA 27A.2445, as the prevailing party in the original appeal. 180 Mich App 137. However, defendants apparently failed to file a bill of costs as required by court rule and, therefore, were precluded from recovering costs in that appeal. In view of the fact that defendants failed to avail themselves of the appropriate procedures for recovery of appellate costs, we would be particularly reluctant to extend the scope of MCL 600.2591; MSA 27A.2591 in the present case, even if we were so inclined.

On remand, the trial court carefully considered and rejected the bill of costs presented by defendants and imposed a sanction based on its own calculation of a reasonable attorney fee, but re-

jected defendants' request for appellate and remand costs and fees as outside the scope of this Court's order. We conclude that the trial court correctly interpreted this Court's order as well as the applicable statutes and court rules.

Affirmed.