EDGE v EDGE

Docket No. 308633. Submitted December 11, 2012, at Lansing. Decided December 27, 2012, at 9:00 a.m.

Jo Edge, now known as Jo Darlington, moved the Washtenaw Circuit Court pursuant to MCR 2.114(D)(1) and (E), MCR 7.208(I), and MCR 3.206(C) for costs and attorney fees that she incurred when Joel D. Edge appealed that court's order granting her sole legal and physical custody of the parties' minor child and reducing his parenting time. The court, Archie C. Brown, J., granted plaintiff's motion on the basis of the court rules plaintiff cited, as well as MCR 2.625(A)(2) and MCL 600.2591, and awarded her $14,398.27 on the ground that defendant's appeal was frivolous. Defendant appealed.

The Court of Appeals *held*:

1. The circuit court abused its discretion by awarding plaintiff appellate attorney fees and costs under MCR 2.114, MCR 2.625(A)(2), and MCL 600.2591. Generally, awards of costs and attorney fees are recoverable only if specifically authorized by a statute, a court rule, or a recognized exception. Courts, including trial courts, may sanction a party under MCR 2.114(E) for a document signed in violation of MCR 2.114, which requires a party to certify that a document governed by the court rules is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law and that the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Under MCR 2.114(F), a party pleading a frivolous claim or defense is also subject to costs as provided in MCR 2.625(A)(2), which states that if the court finds on motion of a party that an action was frivolous, costs shall be awarded as provided by MCL 600.2591. MCL 600.2591(1) states that if a court finds that a civil action was frivolous, the court that conducted the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and his or her attorney. The Court of Appeals has held that neither MCR 2.114, MCR 2.625(A)(2), nor MCL 600.2591 provided

a basis for a circuit court to award attorney fees incurred on appeal, and this holding applied regardless of whether the appeal was frivolous. Moreover, the plain language of MCL 600.2591 gives the authority to award costs and fees to the court that conducted the civil action, and the circuit court was not the court that conducted the appeal. Further, the definition of a vexatious appellate proceeding under MCR 7.216(C)(1), for which the Court of Appeals is authorized to assess actual and punitive damages or take other disciplinary action, is much broader than the definition of a frivolous claim or defense under MCL 600.2591(3)(a), which further supported the conclusion that sanctions for vexatious appeals must be considered by the Court of Appeals under MCR 7.216 and not by a trial court under MCR 2.114, MCR 2.625(A)(2), or MCL 600.2591.

2. The circuit court did not grant plaintiff attorney fees and costs under MCR 3.206(C), which provides that, in a domestic relations action, a party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a postjudgment proceeding. A party who requests attorney fees and expenses under MCR 3.206(C) must allege facts sufficient to show either that he or she is unable to bear the expense of the action and that the other party is able to pay or that the attorney fees and expenses were incurred because the other party refused to comply with a previous court order despite having the ability to comply. Although the court noted that plaintiff had moved for attorney fees and costs under MCR 3.206(C), and although it cited MCR 3.206(C) after stating that defendant's claims on appeal were frivolous, the court did not make any factual findings about or even discuss the parties' ability to pay the expense of defendant's appeal or a refusal by defendant to comply with a previous court order despite an ability to do so. Therefore, the court did not base its award on this rule, making it unnecessary to decide whether MCR 3.206 gives circuit courts the authority to grant appellate attorney fees and costs.

3. MCR 7.208(I) did not provide the circuit court with a basis to award plaintiff appellate attorney fees and costs because it lacked the authority to do so under the court rules and statute that it cited. MCR 7.208(I) states that the trial court may rule on requests for costs or attorney fees under MCR 2.403, MCR 2.405, MCR 2.625, or other law or court rule unless the Court of Appeals orders otherwise. MCR 7.208(I) provides trial courts with jurisdiction to award sanctions despite the filing of a claim of appeal, but

it did not authorize a trial court to grant a request for sanctions made under a court rule or statute that did not provide a proper basis for doing so.

Reversed.

1. COSTS — ATTORNEY FEES — CIRCUIT COURTS — FRIVOLOUS APPEALS.

A circuit court does not have the authority to award costs and attorney fees incurred as the result of a frivolous appeal under MCR 2.114, MCR 2.625(A)(2), or MCL 600.2591.

2. COSTS — ATTORNEY FEES — CIRCUIT COURTS — JURISDICTION.

MCR 7.208(I) provides a circuit court with jurisdiction to award sanctions despite the filing of a claim of appeal; it does not authorize a circuit court to grant a request for sanctions made under a court rule or statute that does not provide a proper basis for doing so.

*Nichols, Sacks, Slank, Sendelbach & Buiteweg, P.C.* (by *Monika Holzer Sacks*), for plaintiff.

*Haas & Associates, PLLC* (by *Trish Oleksa Haas*), for defendant.

Before: WHITBECK, P.J., and FITZGERALD and BECKERING, JJ.

BECKERING, J. In this hotly contested child-custody case, we must determine whether the circuit court erred when it awarded plaintiff, Jo Edge, appellate costs and attorney fees incurred as a result of the decision of defendant, Joel D. Edge, to appeal the circuit court's custody determination. After the circuit court awarded plaintiff sole legal and physical custody of the parties' minor child and reduced defendant's parenting time, defendant appealed. We affirmed and awarded plaintiff taxable costs under MCR 7.219 for having fully prevailed on appeal. Plaintiff did not move this Court for damages for a vexatious appeal under MCR 7.211(C)(8) and MCR 7.216(C) or MCL 600.2445. Rather, plaintiff

moved the circuit court for attorney fees and costs incurred in the appeal, citing MCR 2.114(D)(1) and (E), MCR 7.208(I), and MCR 3.206(C). Plaintiff argued that defendant's unsuccessful appeal was frivolous and suggested that only defendant was able to bear the expense. The circuit court granted plaintiff's motion and awarded her $14,398.27 in appellate attorney fees and costs as sanctions on the basis that defendant's appeal in this Court was frivolous. Because neither the statute nor the court rules on which the circuit court relied authorized it to grant appellate attorney fees and costs on the basis of a frivolous appeal in this Court, we hold that the circuit court abused its discretion by doing so. We also hold that, contrary to plaintiff's contention, the circuit court did not grant plaintiff appellate attorney fees and costs under MCR 3.206(C). Accordingly, we reverse.

## I. FACTUAL BACKGROUND

Plaintiff and defendant entered into a consent judgment of divorce in June 2008. Under the consent judgment, plaintiff and defendant were to have joint legal custody of their minor child. After holding an evidentiary hearing, the circuit court in September 2010 entered an order that awarded plaintiff sole legal and physical custody of the minor child and reduced defendant's parenting time. Defendant appealed in this Court. We affirmed the circuit court's order and awarded plaintiff taxable costs under MCR 7.219 for having fully prevailed on appeal.[1]

Four months later, plaintiff filed a verified motion in the circuit court for attorney fees and costs pursuant to

---

[1] *Edge v Edge*, unpublished opinion per curiam of the Court of Appeals, issued August 23, 2011 (Docket Nos. 300668 and 300713).

MCR 2.114(D)(1) and (E), MCR 7.208(I), and MCR 3.206(C). Plaintiff requested that the court award her $14,858.27 in appellate attorney fees and costs for defendant's unsuccessful appeal. Plaintiff generally asserted that defendant had "demonstrated an ongoing pattern of unnecessary and unreasonable litigation without regard to the facts or law which . . . caused [her] to needlessly incur superfluous attorney fees and costs." Plaintiff argued that her resources were "limited" and that the "frivolous actions . . . caused a severe drain on those resources." Plaintiff insisted that an "award of appellate attorney fees is generally left to the trial court to decide because the trial court is in a better position to evaluate the need and/or ability for the payment of said fees by the parties." Plaintiff also insisted that a "trial court may order appellate attorney fees under MCR 3.206." Plaintiff noted that her annual salary was $21,600 and that defendant's annual salary was $62,675.08.

Without holding a hearing, the circuit court issued an opinion and order granting plaintiff's motion for attorney fees and costs. At the outset of its opinion, the court noted that it was granting plaintiff attorney fees and costs "as sanctions." In its legal analysis, the court first explained that this Court determined that the circuit court did not err with respect to any of the issues defendant raised in his appeal. The circuit court next explained the following:

> In matters involving domestic relations, attorney fees are at times awarded, within the discretion of the trial court, when necessary to enable a party to carry on or defend a suit. In enforcement proceedings the court may also award attorney fees if one party is unable to bear all or a portion of those fees. . . . Further, the court may award a party attorney fees necessitated by the other party's failure to comply with the divorce judgment.

The circuit court then discussed the factors to consider when determining the reasonableness of an hourly fee and concluded that plaintiff's counsel's hourly rate was "not excessive" and that the services charged were "not unwarranted." The circuit court then opined as follows:

> Overwhelming evidence was presented during the evidentiary hearing to support this Court's findings, and was noted by the Court of Appeals in its ruling that Plaintiff had fully prevailed. The Court finds that Defendant's claims, as presented to the Court of Appeals, were completely without merit.
>
> The Court will acknowledge that merely because a party is unsuccessful on appeal does not automatically mean that he is responsible to reimburse the other party for the costs of the litigation. However, a party that signs a pleading certifies by that signature that the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. In this case, Defendant's signature, or his attorney's signature on his behalf, created meritless . . . litigation for which no credible evidence existed to support his claims and arguments.
>
> As a result, the Court finds that Defendant's claims on appeal were clearly frivolous pursuant to MCR 2.114(D)(1) and (E), MCR 7.208(1) [sic], and MCR 3.206(C), MCR 2.625(A)(2), and MCL 600.2591.

On this basis, the circuit court awarded plaintiff $153.27 in costs and $14,245 in attorney fees, totaling $14,398.27. Defendant moved the circuit court for reconsideration, which the court denied.

## II. ANALYSIS

Defendant argues that the circuit court did not have the authority to award appellate attorney fees and costs under MCR 2.114, MCR 2.625(A)(2), MCR 3.206(C), MCR 7.208(I), or MCL 600.2591. Defendant also argues

that, even if the circuit court had this authority, his appeal in this court was not frivolous and therefore could not justify an award of attorney fees and costs under MCR 2.114, MCR 2.625(A)(2), and MCL 600.2591; the court did not actually award plaintiff fees and costs under MCR 3.206(C); and, even if the court did award plaintiff fees and costs under MCR 3.206(C), it abused its discretion because the factual allegations in plaintiff's motion were insufficient to show that plaintiff was entitled to attorney fees and costs under MCR 3.206(C).

We review for an abuse of discretion a trial court's ruling on a request for attorney fees. *Smith v Smith*, 278 Mich App 198, 207; 748 NW2d 258 (2008). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id.* "The findings of fact on which the trial court bases its decision are reviewed for clear error." *Woodington v Shokoohi*, 288 Mich App 352, 369; 792 NW2d 63 (2010). Furthermore, we review de novo issues of statutory interpretation and the interpretation of court rules. *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007).

### A. MCR 2.114, MCR 2.625(A)(2), AND MCL 600.2591

Generally, " '[a]wards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception.' "[2] *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576

---

[2] Trial courts also "possess the inherent authority to sanction litigants and their attorneys. 'This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Keinz*, 290 Mich App at 142 n 1, quoting *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006).

(2010), quoting *Phinney v Perlmutter*, 222 Mich App 513, 560; 564 NW2d 532 (1997). Both the Michigan court rules and statute provide a method for *this Court* to award attorney fees and costs for litigation before this Court. See MCR 2.114; MCR 7.216(C); MCR 7.219; MCL 600.2445.

This Court may sanction a party under MCR 2.114(E) for a document signed in violation of MCR 2.114. See *BJ's & Sons Constr Co v Van Sickle*, 266 Mich App 400, 413; 700 NW2d 432 (2005) (finding a violation of MCR 2.114(D) and (E) in furtherance of a vexatious appeal). MCR 2.114(E) states that, if a party signs a document in violation of MCR 2.114, "the court, on motion of a party or on its own initiative, shall impose upon the [party] . . . an appropriate sanction, which may include an order to pay to the other party . . . the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." Under MCR 2.114(C)(1), "[e]very document of a party represented by an attorney shall be signed by at least one attorney of record. A party who is not represented by an attorney must sign the document." When a party signs a document, the party certifies, to the best of "his or her knowledge, information, and belief formed after reasonable inquiry, [that] the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law[.]" MCR 2.114(D)(2). The party also certifies that "the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." MCR 2.114(D)(3).

MCR 7.219 addresses taxation of costs and fees on appeal. MCR 7.219(A) states that, "[e]xcept as the

Court of Appeals otherwise directs, the prevailing party in a civil case is entitled to costs."[3] Furthermore, MCR 7.219(I) provides that this Court "may impose costs on a party or an attorney when in its discretion they should be assessed for violation of these rules." Significantly, this Court has consistently held that a trial court does not have jurisdiction to tax costs incurred on appeal to this Court. See, e.g., *Reeves v Cincinnati, Inc*, 208 Mich App 556, 562; 528 NW2d 787 (1995) ("[T]he trial court was without jurisdiction to tax costs incurred by plaintiffs in the prior appeal."); *Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686, 692-693; 476 NW2d 487 (1991) ("The trial court was without jurisdiction to tax costs incurred on appeal."); *Lopez-Flores v Hamburg Twp*, 185 Mich App 49, 53; 460 NW2d 268 (1990) ("[A] circuit court judge may not tax costs incurred on appeal.").

MCR 7.216(C) addresses awards of damages and other disciplinary action for vexatious appellate proceedings:

(1) The Court of Appeals may, on its own initiative or on the motion of any party filed under MCR 7.211(C)(8),[4] assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because

---

[3] A prevailing party seeking costs must file a certified or verified bill of costs with the clerk and serve a copy on all parties within 28 days after the dispositive order, opinion, or order denying reconsideration is mailed. MCR 7.219(B). The clerk must then promptly verify the bills and tax those costs allowable. MCR 7.219(D). "The action by the clerk will be reviewed by the Court of Appeals on motion of either party filed within 7 days from the date of taxation . . . ." MCR 7.219(E).

[4] MCR 7.211(C)(8) states that a party's request for damages or other disciplinary action under MCR 7.216(C) must be made in a motion. "A party may file [the] motion . . . at any time within 21 days after the date of the order or opinion that disposes of the matter that is asserted to have been vexatious." MCR 7.211(C)(8).

(a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or

(b) a pleading, motion, argument, brief, document, or record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court.

(2) Damages may not exceed actual damages and expenses incurred by the opposing party because of the vexatious appeal or proceeding, including reasonable attorney fees, and punitive damages in an added amount not exceeding the actual damages. The court may remand the case to the trial court or tribunal for a determination of actual damages.

Finally, MCL 600.2445(1) states that costs on appeal in this Court "shall be awarded in the discretion of the court." "The appellant may be awarded the costs on appeal if he improves his position on appeal." MCL 600.2445(2). And "[t]he appellee may be awarded damages for the delay and vexation caused by the appeal, to be assessed in the discretion of the court, in addition to costs on appeal, if the appellant does not improve his position on appeal." MCL 600.2445(3).

In this case, the circuit court did not rely on MCR 7.219, MCR 7.216, or MCL 600.2445 as a basis for its award of appellate attorney fees and costs. Rather, the court opined that it was awarding attorney fees and costs to plaintiff as a sanction against defendant because defendant's claims on appeal were frivolous, citing the following legal authority: MCR 2.114, MCR 3.206(C), MCR 2.625(A)(2), MCR 7.208(I), and MCL 600.2591.

As previously discussed, MCR 2.114(E) grants "the court" the discretion to fashion an appropriate sanction for a violation of MCR 2.114; this includes trial courts.

*FMB-First Mich Bank v Bailey*, 232 Mich App 711, 727; 591 NW2d 676 (1998) (holding that "MCR 2.114(E) grants the trial court discretion to fashion an 'appropriate sanction' "). In addition to sanctions under MCR 2.114(E), MCR 2.114(F) provides that "a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)." Under MCR 2.625(A)(2), "if the court finds on motion of a party that an action . . . was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591 states that "if a court finds that a civil action . . . was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney." MCL 600.2591(1).

In *DeWald v Isola (After Remand)*, 188 Mich App 697, 703; 470 NW2d 505 (1991), this Court concluded that MCR 2.114, MCR 2.625(A)(2), and MCL 600.2591 were not an appropriate basis for a circuit court to award attorney fees incurred on appeal. In *DeWald*, the circuit court dismissed the plaintiff's claim but denied the defendants' request for sanctions pursuant to MCR 2.114, MCR 2.625(A)(2), and MCL 600.2591. The defendants appealed the circuit court's denial of sanctions. *DeWald*, 188 Mich App at 698. This Court reversed, finding that the plaintiff's claim in the circuit court was frivolous, and remanded the case to the circuit court for an assessment and imposition of sanctions. *Id.* On remand, the circuit court awarded the defendants costs and reasonable attorney fees incurred as a result of the frivolous action pursued in the circuit court; however, the court denied the defendants' request for costs and attorney fees incurred as a result of their appeal in this Court. *Id.* So, the defendants appealed again. This Court held that the circuit court properly denied the

defendants' request for appellate attorney fees and costs. *Id.* at 698, 703-704. The *DeWald* Court first distinguished MCR 2.625(A)(2), MCR 2.114, and MCL 600.2591 from the court rules and statute addressing costs and attorney fees in the context of appeals: MCR 7.219, MCR 7.216(C), and MCL 600.2445. *Id.* at 699-700. The Court then favorably quoted the United States Supreme Court's decision in *Cooter & Gell v Hartmarx Corp*, 496 US 384; 110 S Ct 2447; 110 L Ed 2d 359 (1990), wherein the Court distinguished Federal Rule of Civil Procedure 11, the federal analog of MCR 2.114, from Federal Rule of Appellate Procedure 38, which is roughly analogous to MCR 7.216(C). The Supreme Court explained that Rule 11 is " 'understood as permitting an award only of those expenses directly caused by the filing, logically, those *at the trial level*,' " and that Rule 38 "places a 'natural limit' on the scope of FR Civ P 11 by providing the Court of Appeals with the authority to award sanctions if it determines that an appeal is frivolous." *DeWald*, 188 Mich App at 701-702, quoting *Cooter & Gell*, 496 US at 406-407 (emphasis added). The *DeWald* Court then opined as follows:

> The costs, including reasonable attorney fees, incurred by defendants at the trial level were the direct result of plaintiff's pursuit of a frivolous cause of action and were clearly within the scope of the sanctions allowable under MCR 2.114, 2.625(A)(2), and MCL 600.2591[.] However, the expenses incurred by defendants on appeal and remand, after the trial court's refusal to impose sanctions under the statute and court rules, were directly caused by the trial court's erroneous decision and defendants' consequent decision to appeal, *not by plaintiff's initial filing of a frivolous complaint in the circuit court.* This Court determined, in defendants' first appeal, that plaintiff's cause of action was frivolous, *but did not expressly authorize an award of appellate attorney fees. We conclude that it is inappropriate to expand the scope of MCR 2.114,*

> *2.625(A)(2), and MCL 600.2591 . . . to cover costs, including*
> *attorney fees, incurred on appeal and remand of a frivolous*
> *action.* [*DeWald,* 188 Mich App at 703 (emphasis added).]

Under *DeWald,* the circuit court in the present case
did not have the authority to grant plaintiff appellate
attorney fees and costs under MCR 2.114, MCR
2.625(A)(2), and MCL 600.2591. See *DeWald,* 188 Mich
App at 703. Neither these court rules nor the statute
authorizes a circuit court to grant appellate attorney
fees and costs on the basis of a frivolous appeal in this
Court. Moreover, under *Reeves,* the circuit court did not
have jurisdiction to award appellate costs. See *Reeves,*
208 Mich App at 562.

Plaintiff attempts to distinguish *DeWald* from the
present case on the ground that defendant's first appeal
in this case was frivolous but that the first appeal in
*DeWald* was not. Plaintiff essentially tries to limit
*DeWald*'s application by arguing that the only reason
appellate attorney fees were not awarded in *DeWald*
was because the appeal was not found to be frivolous.
But *DeWald* is much broader than plaintiff asserts. The
issue in *DeWald* was not whether the appeal was
frivolous; rather, it was whether "the trial court erred
when it ruled that the postjudgment costs and attorney
fees incurred by defendants in their original appeal and
on remand [were] outside the scope of the statute and
court rule providing for an award of costs and reason-
able attorney fees to the party who prevails over a
frivolous claim or defense," i.e., the application of MCR
2.625(A)(2), MCR 2.114, and MCL 600.2591. *DeWald,*
188 Mich App at 699. The fact that this Court distin-
guished MCR 2.625(A)(2), MCR 2.114, and MCL
600.2591 from MCR 7.219, MCR 7.216(C), and MCL
600.2445 and favorably cited *Cooter & Gell* illustrates
this point. Indeed, the *DeWald* Court explained that

MCR 2.625(A)(2), MCR 2.114, and MCL 600.2591 were not an appropriate basis for the circuit court to award appellate attorney fees because the defendant's appellate expenses were not incurred in response to the plaintiff's *initial filing of a frivolous complaint in the circuit court. Id.* at 703. Furthermore, the *DeWald* Court emphasized that, while it determined in the first appeal that the plaintiff's complaint was frivolous, it "did not expressly authorize an award of appellate attorney fees." *Id.* Although the present case is factually distinguishable from *DeWald* because the circuit court here determined that defendant's appeal was frivolous and, thus, awarded appellate fees and expenses, *DeWald* nevertheless applies because both this case and *DeWald* concern whether a circuit court can award appellate attorney fees and costs under MCR 2.114, MCR 2.625(A)(2), and MCL 600.2591; the *DeWald* Court expressly considered the issue and held that a circuit court cannot.

Moreover, we emphasize that the plain language of MCL 600.2591 demonstrates that the circuit court could not award appellate attorney fees and costs in this case. MCL 600.2591 states that "if a court finds that a civil action or defense to a civil action was frivolous, *the court that conducts the civil action* shall award to the prevailing party the costs and fees incurred . . . ." MCL 600.2591(1) (emphasis added). In this case, the circuit court was not the court that conducted the appeal; therefore, it could not award sanctions under MCL 600.2591 for a frivolous appeal.

In addition, the definition of a frivolous claim under MCL 600.2591(3)(a) is different from the definition of a vexatious appellate proceeding under MCR 7.216(C)(1). MCL 600.2591(3)(a) states that a claim is frivolous if one of three conditions is met: (1) a "party's legal position was

devoid of arguable legal merit," (2) the "party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true," or (3) the "party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party." MCL 600.2591(3)(a)(*i*) through (*iii*). In contrast, MCR 7.216(C)(1) provides that an appeal is vexatious in either of the following circumstances: (1) "the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal" or (2) "a pleading, motion, argument, brief, document, or record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court." MCR 7.216(C)(1)(a) and (b). As can be gleaned from the definitions above, the definition of a vexatious appeal is much broader than the definition of a frivolous claim or defense. The difference in the definitions further supports the conclusion that sanctions for vexatious appeals must be considered by this Court under MCR 7.216 and not by a trial court under MCR 2.114, MCR 2.625(A)(2), and MCL 600.2591.

Accordingly, we conclude that the circuit court abused its discretion by awarding plaintiff appellate attorney fees and costs under MCR 2.114, MCR 2.625(A)(2), and MCL 600.2591.[5]

### B. MCR 3.206(C) AND MCR 7.208(I)

As previously discussed, the circuit court also cited MCR 3.206(C) and MCR 7.208(I) as a basis for sanction-

---

[5] In light of this conclusion, we need not address defendant's alternative claim on appeal that the circuit court clearly erred by finding that his appeal in this Court was frivolous.

ing defendant for pursuing a frivolous appeal in this Court. Plaintiff insists that the circuit court properly awarded her appellate attorney fees and costs under these court rules. We disagree.

MCR 3.206(C)(1) provides that, in a domestic-relations action, "[a] party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding." A party who requests attorney fees and expenses under MCR 3.206(C) must allege facts sufficient to show that either (1) he or she is unable to bear the expense of the action and that the other party is able to pay or (2) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order despite being able to comply. MCR 3.206(2)(a) and (b).

In this case, however, the circuit court did not grant plaintiff attorney fees and costs under MCR 3.206(C).[6] The court in its opinion and order made two references to MCR 3.206(C): (1) it stated that plaintiff moved the court for attorney fees and costs under MCR 3.206(C) and (2) it cited MCR 3.206(C) immediately after stating that defendant's claims on appeal were "clearly frivolous." The circuit court did not make any factual findings about—or even discuss—the parties' ability to pay the expense of defendant's appeal or a refusal by defendant to comply with a previous court order despite an ability to do so. Moreover, the circuit court explicitly stated that it was granting plaintiff attorney fees and costs "as sanctions."

---

[6] In light of this conclusion, we need not address whether a circuit court has the authority to grant appellate attorney fees and costs under MCR 3.206(C). Therefore, we express no opinion on this issue.

Finally, MCR 7.208(I) did not provide the circuit court with a basis to award plaintiff appellate attorney fees and costs. MCR 7.208(I) states the following: "The trial court may rule on requests for costs or attorney fees under MCR 2.403, 2.405, 2.625 or other law or court rule, unless the Court of Appeals orders otherwise." Under MCR 7.208(I), a trial court has jurisdiction to award sanctions despite the filing of a claim to appeal unless the Court of Appeals orders otherwise. The staff comment to the 1999 amendment that added subrule (I) to MCR 7.208 explains:

> The amendment to MCR 7.208 deals with the issue regarding the relationship of appeals and orders awarding or denying attorney fees and costs. The amendment concerns the authority of the trial court to rule on requests for sanctions when an appeal has been taken. See *Co-Jo, Inc v Strand*, 226 Mich App 108 [572 NW2d 251] (1997). New MCR 7.208(I) provides that the trial court has the authority to rule on such requests despite the pendency of an appeal. [461 Mich cxcvi (2000).]

Although MCR 7.208(I) authorizes a trial court to grant a request for sanctions despite the pendency of an appeal, it does not authorize a trial court to grant a request for sanctions made under a court rule or statute that is not a proper basis for the court to grant sanctions. As previously discussed, the circuit court could not award plaintiff appellate attorney fees and costs under the court rules and statute that it cited.

Accordingly, we hold that the circuit court abused its discretion by awarding plaintiff $14,398.27 in appellate attorney fees and costs.

Reversed.

WHITBECK, P.J., and FITZGERALD, J., concurred with BECKERING, J.