# STATE OF MICHIGAN

# COURT OF APPEALS

FRANCIS A. MILLER,

   Petitioner-Appellee,

v

BLUE CROSS BLUE SHIELD OF MICHIGAN,

   Respondent-Appellant,

and

OFFICE OF FINANCIAL AND INSURANCE
REGULATION,

   Respondent.

UNPUBLISHED
September 6, 2016

No. 326300
Washtenaw Circuit Court
LC No. 11-001099-AA

Before: BOONSTRA, P.J., and METER and BECKERING, JJ.

BOONSTRA, J., (*dissenting*).

   I respectfully dissent. The majority affirms the circuit court's finding that respondent's[1] defense of petitioner's appeal of a decision by the Office of Financial and Insurance Regulation (OFIR) was frivolous. It does so while conceding that the circuit court erred in awarding attorney fees and costs under MCL 600.2591,[2] but extrapolates that the circuit court "would have similarly sanctioned respondent for a vexatious defense under MCR 7.216(C)(1)(b)." I disagree in both respects and would hold that the circuit court clearly erred in sanctioning respondent.

   First, I think it behooves us to place in context the narrow issue that is before us. That issue is whether the circuit court properly sanctioned respondent (whether based on "frivolousness" or "vexatiousness") in advocating on appeal (to the circuit court) for the

---

[1] By "respondent" in this opinion, I refer only to respondent-appellant BCBSM.

[2] As the majority notes, "MCR 2.114(F) states that 'a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2).' MCR 2.625(A)(2) clarifies that 'if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591.' "

-1-

affirmance of an administrative decision of OFIR. The larger context is that the entire predicate for the circuit court's sua sponte initiation of the sanctions issue was its "medical" judgment regarding the need for skilled nursing care to administer a feeding tube. As the majority notes, "The gist of the trial court's reasoning in granting an award of attorney fees and costs was that respondent could not have reasonably believed that the pertinent documents had been considered because it was patently unreasonable to conclude that a feeding tube could be administered without skilled nursing care."

Thus, it was the circuit court's insertion into the proceedings of its own "medical" judgment that has now spawned extensive litigation over the propriety of the resulting sanctions award.[3] Yet, the circuit court was not qualified to render a "medical" judgment, and it in any event appears to have rendered an erroneous one. See, e.g., "Home Gastronomy Tube Feeding," http://www.upmc.com/patients-visitors/education/nutrition/Pages/home-gastrostomy-tube-feeding.aspx (last accessed August 23, 2016) (providing patients with information regarding how to administer a feeding tube upon discharge from a health care facility).

In any event, the issue now before us is whether the circuit court, having so spawned the sanctions issue in the first place, was correct to find respondent's advocacy in favor of affirming OFIR's decision to be "frivolous," and whether the majority is correct in extrapolating that the circuit court also would have properly found the defense to be "vexatious." I conclude that the defense was neither frivolous nor vexatious, that the circuit court erred in awarding sanctions, and that the majority compounds that error by its affirmance.

At the outset, I do not believe that the majority is correct in equating a finding of frivolousness under MCL 600.2591(3)(a), MCR 2.625(A)(2), and MCR 2.114 with a finding that an appeal is vexatious under MCR 7.216(C)(b).[4] The cases the majority cites for this proposition generally support the notion that taking an appeal from a dismissed frivolous claim that merely reasserts the grounds found frivolous below justifies a finding that the appeal was vexatious. See *Fisher v Detroit Free Press, Inc*, 158 Mich App 409, 418; 404 NW2d 765 (1987), *BJ's & Sons Constr Co, Inc v Van Sickle*, 266 Mich App 400, 413; 700 NW2d 432 (2005); for another example of the articulation of this rule, see *Briarwood v. Faber's Fabrics, Inc,* 163 Mich App 784; 415 NW2d 310 (1987). However, all of these cases involved a dismissal of a claim at the trial court level, a finding there of frivolousness under MCL 600.2591(3)(a), MCR 2.625(A)(2), and MCR 2.114, and the subsequent filing of an appeal reasserting the same frivolous grounds. None of the cases cited support an award of sanctions against a party to an appellate proceeding who was *successful* in the court or administrative tribunal below (as was respondent in this case).

---

[3] The propriety of OFIR's underlying order, and the circuit court's reversal of it, is not at issue in this appeal.

[4] More specifically, the majority concludes that the standards for frivolousness and vexatiousness are "analogous" simply because "[c]ourts have considered 'frivolous' and 'vexatious' appeals in tandem."

Further, this Court has stated that "the definition of a frivolous claim under MCL 600.2591(3)(a) is different from the definition of a vexatious appellate proceeding under MCR 7.216(C)(1)." *Edge v Edge*, 299 Mich App 121, 134-135; 829 NW2d 276, 283-284 (2012). Although the *Edge* court referred to the definition of a vexatious appeal under MCR 7.216(C)(1) as "much broader" than the definition of a frivolous claim or defense under MCL 600.2591(3)(a) and MCR 2.114, it does not necessarily follow that one definition fully encompasses the other. This Court noted in *DeWald v Isola (After Remand),* 188 Mich App 697, 703, 470 NW2d 505 (1991), that Federal Rule of Civil Procedure 11 is the "federal analog" of MCR 2.114, while MCR 7.216(C) is "roughly analogous" to Federal Rule of Civil Procedure 38. The *DeWald* Court noted that the United Supreme Court had distinguished these two federal rules and denied their equivalency in *Cooter & Gell v Hartmarx Corp,* 496 US 384, 110 S Ct 2447, 110 L Ed 2d 359 (1990). *DeWald*, 188 Mich App at 701-702; see also *Edge,* 299 Mich App at 282.

All of this is to say that I do not believe that we may simply swap the circuit court's finding of frivolousness for a finding of vexatiousness, on the basis of "right result wrong reason." See *Schellenberg v Rochester, Mich Lodge No 2225*, 228 Mich App 20, 47; 577 NW2d 163 (1998). I would therefore not substitute MCR 7.216(C) as the basis for the circuit court's sanctions award in light of the circuit court's failure to make any specific findings regarding a violation of that court rule. *DeWald*, 188 Mich App at 701-702; see also *Edge*, 299 Mich App at 282.

Additionally, the parties have not provided this Court with, and my research has not revealed, any case where an *appellee*, having succeeded below, was sanctioned in such a manner under MCR 7.216(C)(1)(b) for essentially arguing that the lower court or tribunal's dismissal of the appellant's case should be affirmed. Such a sanction seems contrary to the apparent purpose of the court rule. See *Haliw v City of Sterling Heights*, 257 Mich App 689, 703; 669 NW2d 563 (2003), rev'd on other grounds 471 Mich 700 (2005) (noting that MCR 7.216(C) provides relief in the form of appellate attorney fees to a prevailing party in the trial court faced with the necessity of defending a vexatious appeal). I also note, although it is not essential to my thinking, that the "roughly analogous" Federal Rule of Appellate Procedure, Rule 38, allows only for an award of damages to an appellee. FR App P 38.

Certainly, MCR 7.216(C)(1)(b) allows sanctions to be awarded when "a pleading, motion, argument, brief, document, or record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court." This language suggests that the award of appellate attorney fees is not necessarily confined to sanctions against the appellant, as either party may present motions, arguments, briefs, documents, or records. However, the circuit court never made any such findings in this case. Rather the circuit court stated that it found that "Blue Cross had no reasonable basis to believe that the facts underlying their legal position were true and that their position was devoid of any arguable legal merit." This language tracks much more closely to MCR 7.216(C)(1)(a), which states that an appeal may be vexatious if "*the appeal was taken* for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal." (Emphasis added). Thus, even assuming that the work the majority does on the circuit court's behalf (in substituting references to MCR 7.216(C) for the circuit court's references to

MCL 600.2591) is appropriate, it would seem that the circuit court's holding falls under section (1)(a) of that rule, which is limited to sanctions of an appellant or cross-appellant, as they are the parties that "take" an appeal. See Black's Law Dictionary (9th ed), 1590 (defining "take" as "to claim one's rights under," i.e. as relevant to the instant case, a party who claims their right to appeal or cross-appeal); *George Realty Co v Paragon Refining Co of Mich*, 282 Mich 297, 300; 276 NW 455 (1937) (noting that an appeal may be taken only by a party aggrieved by the decision of the court below).

Finally, even if I agreed with the majority's reasoning in concluding that the trial court was able to sanction respondent in such a manner under MCR 7.216(C)(1)(b), I would conclude that it committed clear error in doing so. As the majority states, respondent argued before the trial court that OFIR's decision was authorized by law. The majority finds noteworthy that OFIR's order, in a section entitled "BCBSM's Argument", contains the phrase "In addition, there were no records provided for the time period of March 25 through April 6, 2010 to determine if skilled care was provided." The majority says that this statement "should have alerted respondent to a problem." I fail to see how.

In the first instance, it is clear from context that this statement represents not a statement from OFIR itself, or even from Maximus; rather, it represents a summary of respondent's argument in support of its denial of petitioner's claim before OFIR, in which it argued that petitioner had failed to provide evidence of skilled care required for the period after March 25. Additionally, it is clear from both Maximus's report and OFIR's order that all relevant records were considered. Maximus's report clearly references the receipt of documents from both respondent and petitioner on January 12, 2011, the day that petitioner faxed the remainder of the relevant records, and, as the majority states, specifically noted that "[m]edical records from 2/16/10 to 4/6/10 were included in the case file." OFIR's order states that Maximus's recommendation was "based on extensive expertise and professional judgment" and that it was adopting the recommendation in upholding's respondent's denial. Thus I simply fail to see what "problem" respondent should have been alerted to, by OFIR's summary of its arguments in an order upholding respondent's denial, such that its defense of that decision on appeal could be said to be "grossly lacking in the requirements of propriety," or to have "violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court." MCR 7.216(C)(1)(b).

Simply put, it appears that respondent's argument that OFIR complied with MCL 550.1911(13) and (15), was at the very least a proper, non-vexatious argument on appeal, notwithstanding that the argument was ultimately unsuccessful. Although the circuit court made much of the fact that OFIR's order did not specifically reference the presence of a feeding tube, petitioner's feeding tube was just one component of petitioner's overall medical condition, which was evaluated by two separate medical review organizations and found not to require skilled nursing care after March 19. For the reasons noted, and although the court's reversal of respondent's denial is not at issue in this appeal, I cannot find that the circuit court's subjective (and apparently erroneous) belief that it was "patently unreasonable" to conclude that the presence of a feeding tube did not in all instances require skilled nursing care sufficiently supports the conclusion that respondent's arguments were in violation of MCR 7.216(C)(1)(b). Maximus determined that after March 19, petitioner was at a "high functional level" and had plateaued in her mobility and activities of daily living for 2 weeks prior to" that date. This

evaluation was based upon the totality of petitioner's medical situation, not merely the presence of a feeding tube. Further, I do not see in any of the statutes cited by the majority the requirement that OFIR specifically make reference to all individual aspects of an insured's medical treatment in rendering its decision. The circuit court, at the motion hearing, honed in on the issue of the feeding tube, and found it dispositive to its decision, apparently based on its personal belief that a feeding tube in all instances requires skilled nursing care. While that decision, erroneous or not, is not at issue on appeal, I believe that the circuit court's personal opinion and dissatisfaction with respondent's arguments regarding the feeding tube issue was insufficient grounds to find respondent in violation of MCR 7.216(C)(1)(b), even if I were to find that the rule applied in the instant case. For all these reasons, and unlike the majority, I do have a "definite and firm conviction" that a mistake was made, *Kitchen*, 465 Mich at 661-662, and accordingly I would reverse the circuit court's sanctions award.

/s/ Mark T. Boonstra