*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANNETTE RENEE WYLER and STACEY A. WYLER,

UNPUBLISHED
July 18, 2019

Plaintiffs-Appellants,

v

No. 342750
Leelanau Circuit Court
LC No. 2017-010021-CH

BAYVIEW LOAN SERVICING, LLC, ORLANS AND ASSOCIATES, PC, MARSHALL R. ISAACS, and CHEMICAL BANK,

Defendants-Appellees.

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order awarding defendant Bayview Loan Servicing, LLC (Bayview), attorney fees and costs on the basis that plaintiffs filed a frivolous complaint. We affirm.

Plaintiffs' three-count complaint alleged an invalid foreclosure and sheriff's sale with respect to plaintiffs' home, fraud and forgery regarding public records, and violation of various state and federal statutes and regulations. Several years earlier, allegations sounding in negligence, violation of statute, and promissory estoppel pertaining to the underlying note and mortgage on the home, as well as related assignments, were litigated by plaintiffs and rejected by a federal court in *Wyler v Bank of America*, unpublished opinion of the United States District Court for the Western District of Michigan, issued November 7, 2011 (Case No. 1:11-CV-132). Subsequently, and before the instant action was pursued, plaintiffs made allegations of an illegal and invalid foreclosure and sheriff's sale and claims of fraudulent mortgage assignments in an action filed in the Leelanau Circuit Court. Those claims were summarily dismissed, and this Court affirmed the ruling on the basis of res judicata, judicial estoppel, and lack of standing. *Wyler v Bank of New York Mellon*, unpublished per curiam opinion of the Court of Appeals, issued November 17, 2016 (Docket No. 329153). Our Supreme Court denied leave in the case. *Wyler v Bank of New York Mellon*, 500 Mich 1060 (2017).

Undeterred, plaintiffs filed the present action, and the trial court granted defendants' motions for summary disposition based on the doctrine of res judicata as to two of the counts and failure to state a claim relative to the third count.[1] The trial court also agreed with Bayview's argument that plaintiffs' claims were frivolous. On January 18, 2018, the trial court entered an order granting summary disposition in favor of defendants, awarding Bayview costs and attorney fees as sanctions for the frivolous complaint, and directing Bayview to submit a bill of costs and appropriate supporting documentation. Bayview complied, requesting $9,940 in attorney fees and costs. Plaintiffs filed a response challenging the request, and a hearing on the matter was held on February 5, 2018. The trial court awarded Bayview only $6,538 in attorney fees and costs, and plaintiffs filed an objection to the dismissal of the case and the award of sanctions, which the court treated as a motion for reconsideration.

On February 15, 2018, the trial court entered two orders. One order formally awarded Bayview the $6,538 in sanctions, and the second denied plaintiffs' objections or motion for reconsideration. On March 7, 2018, plaintiffs filed a claim of appeal. In an order, this Court dismissed the claim of appeal, in part, for lack of jurisdiction, indicating that the January 18, 2018 order granting summary disposition and the February 15, 2018 order denying plaintiffs' objections could only be challenged "by filing a delayed application for leave to appeal under MCR 7.205(G)." *Wyler v Bayview Loan Servicing, LLC*, unpublished order of the Court of Appeals, entered April 11, 2018 (Docket No. 342750). The claim of appeal, however, could proceed with respect to the order of February 15, 2018, awarding Bayview attorney fees and costs. *Id.*

In July 2018, plaintiffs filed their brief on appeal, and in August 2018, they filed an amended appellate brief. Plaintiffs have not filed a delayed application for leave to appeal. Accordingly, the only issue that we can entertain is whether the trial court erred in awarding sanctions to Bayview; the order granting summary disposition remains intact. Plaintiffs' brief is almost entirely devoted to re-litigating their claims and making a wide range of accusations. There is no substantive discussion of res judicata, nor do plaintiffs set forth any analysis regarding the allegations in the complaint and whether they stated a valid cause of action. The extent of plaintiffs' argument concerning sanctions is that plaintiffs had "a reasonable basis to believe facts asserted in the complaint were true and accurate." This argument is completely irrelevant with respect to whether the complaint was frivolous because it was barred on the basis of res judicata or failed to state a claim. Plaintiffs present absolutely no challenge to the amount of attorney fees and costs the trial court awarded to Bayview.

An appellant's failure to properly address the merits of his or her assertion of error constitutes abandonment of the issue. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008). "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority

---

[1] Although plaintiffs appeared at the hearing on the motion, they failed to file a response to defendants' motion for summary disposition.

either to sustain or reject his position." *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) (quotation marks omitted). Therefore, in light of the substantial briefing failure by plaintiffs, we affirm the award of attorney fees and costs to Bayview.

Furthermore, the trial court's finding that plaintiffs' complaint was frivolous was not clearly erroneous, and the award of sanctions did not constitute an abuse of discretion. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002); *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012). The question whether a claim is frivolous is evaluated at the time the claim was raised. *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). The objective of sanctions "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 723; 591 NW2d 676 (1998). "In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCR 2.625(A)(2). "[I]f a court finds that a civil action . . . was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney." MCL 600.2591(1). "The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees." MCL 600.2591(2). A civil action is frivolous when a "party's legal position was devoid of arguable legal merit." MCL 600.2591(3)(a)(*iii*).

Plaintiffs' prior state action had already been barred by the doctrine of res judicata, yet plaintiffs proceeded to once again file a lawsuit which was plainly precluded by the doctrine. See *Richards v Tibaldi*, 272 Mich App 522, 531; 726 NW2d 770 (2007) (prior action was a final decision based on the merits and the contested matter was or could have been resolved in the prior action, with both suits involving the same parties or their privies). Additionally, plaintiffs failed to voice any cohesive challenge in their motion for reconsideration with respect to the court's ruling that the count alleging a violation of a criminal statute failed to state a civil claim. In sum, plaintiffs' position was devoid of arguable legal merit.

We affirm. Having fully prevailed on appeal, defendants are awarded taxable costs under MCR 7.219.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher