# STATE OF MICHIGAN

# COURT OF APPEALS

ALETHA CHACONAS,

        Plaintiff-Appellee,

v

DANIEL P. SPEICHER,

        Defendant-Appellant.

UNPUBLISHED
June 30, 2015

No. 321346
Washtenaw Circuit Court
LC No. 03-000486-DP

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Defendant Daniel Speicher appeals as of right the trial court's order awarding plaintiff Aletha Chaconas $10,705 in attorney fees and court costs incurred by plaintiff in opposing defendant's motion to reinstate his parenting time. In awarding plaintiff attorney fees and costs, the trial court relied on MCR 3.206(C)(2)(a) (party unable to bear expenses and other party is able to pay), MCR 3.206(C)(2)(b) (party incurred fees and expenses because opposing party refused to comply with previous court order), and MCR 2.114(D) to (F) (sanctions for frivolous motion or motion not well-grounded in fact). We affirm.

## I. BACKGROUND

An order of filiation was entered in April 2003, declaring defendant the father of a child born to plaintiff in January 2003. The parties had joint legal custody of the child, with plaintiff having primary physical custody. Defendant had parenting time and was obligated to pay child support. Over the years, the parties heavily litigated a variety of issues concerning custody, parenting time, and child support. The lower court's register of actions is itself 49 pages long.

In December 2009, following an evidentiary hearing regarding custody, parenting time, and related issues that had arisen between the parties, the trial court ordered that sole physical custody was to remain with plaintiff, but the court now also awarded plaintiff sole legal custody of the child. The trial court found that the parties could not cooperate or agree on important decisions affecting the welfare of the child, that plaintiff was more truthful and credible than defendant, that defendant had shown flawed judgment concerning the child's welfare, and that defendant's "tendency to deny or distort the truth throughout the[] proceedings, both under oath

-1-

and otherwise, ha[d] been a longstanding concern for the [c]ourt."[1]  Defendant, however, continued to have a right to parenting time with the child.

The parties continued to litigate various matters, mostly with respect to parenting time and child support, resulting in numerous orders being issued.  There were multiple show-cause hearings as to why defendant should not be held in contempt of court for failing to abide by certain court orders and rulings, including the one issued in December 2009 that granted plaintiff sole legal custody.  The trial court ultimately ruled that defendant was in contempt of court for the myriad reasons alleged by plaintiff.  On April 22, 2011, an evidentiary hearing was conducted regarding several issues, including a request by plaintiff that defendant's parenting time be changed to supervised parenting time.  Plaintiff contended that parenting time should be supervised and remain supervised until defendant engaged in and successfully completed counseling with a therapist to address his alleged serious psychological problems and pattern of manipulative acts and dishonest statements.  Plaintiff claimed that counseling was necessary in order for defendant to develop some insight into his behavior and its impact on the child. Although, according to a proof of service, defendant received notice of the hearing, which hearing was to also address a claim by defendant that he had been improperly denied parenting time on four occasions, defendant failed to appear at the hearing.  He was acting pro per at that point in the litigation.  In a single-page, handwritten order dated April 22, 2011, pertaining to the evidentiary hearing, the trial court ordered the suspension of defendant's parenting time on the basis of his "behaviors" with respect to the child.  The court further indicated that defendant's parenting time would be reinstated upon adequate proof "of the basis for reinstatement."  We do not have a transcript of this proceeding.

Almost eight months later, on December 5, 2011, defendant filed a motion to reinstate parenting time, claiming that he was "unable to determine the 'behaviors' underlying the suspension of defendant's parenting time."  Defendant argued that it was in the child's best interests for parenting time to be reinstated.  On December 21, 2011, the trial court entered an order denying defendant's motion "for the reasons stated on the record," of which we have no transcript.  On December 31, 2011, the trial court entered an order resolving some of the matters that had been left unaddressed by the court back on April 22, 2011.  The trial court, noting that it had recently refused to reinstate defendant's parenting time, explained that the suspension of parenting time "was the natural and necessary outcome of [defendant's] longstanding habit of willful mischief and defiance and will continue . . . until he is able to show a change of attitude and behavior."  We note that this order and previous orders had sanctioned defendant and awarded plaintiff attorney fees and costs in the thousands of dollars, which are not at issue in this appeal.

On January 28, 2013, defendant filed a new motion to reinstate parenting time.  It is the award of attorney fees and costs associated with this motion that lies at the heart of this appeal. Defendant asserted in the motion that the trial court's order entered back on April 22, 2011, had not made clear what exactly the court meant when it stated that defendant's parenting time would be reinstated upon adequate proof "of the basis for reinstatement."  Defendant, however, claimed to have learned that the court, at the evidentiary hearing on April 22, 2011, had stated on the

---

[1] The trial court proceeded to give five pages of examples in support of its view.

record that defendant needed to seek counseling or therapy in order to address his issues.[2] Accordingly, for roughly the past year, defendant alleged that he had been faithfully attending counseling, initially once every two to three weeks, then once every four weeks, and currently, once every eight weeks or so. Defendant attached a supporting letter from a psychologist who stated, in part, that he had diagnosed defendant with "adjustment disorder with anxious mood," that defendant had "been reliable and open/transparent in his counseling," and that, as to the psychologist's clinical impression, defendant was "a normal, reasonable, and impressively patient person" whose primary stressor was his "very difficult and emotionally painful separation from" his daughter. Defendant argued that the best interests of the child required the reestablishment of his parenting time pursuant to a graduated parenting time schedule.

Although we have no transcript of the hearing, there is no dispute, and other parts of the record confirm, that a hearing was conducted on February 12, 2013, on defendant's motion to reinstate parenting time, and that the trial court decided to hold a future evidentiary hearing on the motion. On September 18 and 20, 2013, an evidentiary hearing was conducted by the trial court on defendant's motion to reinstate parenting time. A transcript of this key evidentiary hearing was not procured. On October 10, 2013, an order was entered denying defendant's motion to reinstate parenting time "for the reasons set forth on the record." As gleaned from other portions of the record, it appears that at the evidentiary hearing, the trial court found defendant's reinstatement motion so lacking in merit that it denied the motion after defendant presented his case and evidence, absent the need for plaintiff to submit any of her own witnesses. The trial court's order further provided that defendant could bring a future motion for reinstatement of parenting time "after he has undergone 'deep' therapy with a competent therapist for an appreciable period of time." The order made no mention of an award of attorney fees and costs, although plaintiff had requested an award under MCR 3.206(C)(2)(a) and (b) in multiple filings challenging defendant's motion to reinstate parenting time.

On November 6, 2013, defendant filed a motion for reconsideration. An order was entered denying the motion for failure to show palpable error; it was issued by a different circuit court judge than the one who had entertained and decided defendant's reinstatement motion. On November 26, 2013, plaintiff filed a motion requesting an award of all of the attorney fees and costs incurred by plaintiff in responding to defendant's motion to reinstate parenting time. On January 14, 2014, yet another circuit court judge – the third one involved in the case – entered an order that dispensed with oral argument on plaintiff's motion for attorney fees and costs, see MCR 2.119(E)(3), and which denied plaintiff's motion absent any elaboration. Plaintiff then filed a motion for reconsideration of the ruling denying her request for attorney fees and costs. On February 4, 2014, a different circuit court judge – the fourth one involved in the case – entered an order that, in lieu of granting plaintiff's motion for reconsideration, placed plaintiff's motion for attorney fees and costs on the judge's domestic motion docket. The remainder of the proceedings relevant to this appeal were conducted by this fourth judge, who we shall hereafter refer to as the "trial court." We shall hereafter refer to the judge that entertained and decided defendant's reinstatement motion and conducted the evidentiary hearing thereon as the "presiding judge."

---

[2] In response to the motion, plaintiff admitted that the trial court had suggested that defendant seek the services of a psychiatrist or psychologist.

On March 14, 2014, the trial court heard the motion for reconsideration requesting attorney fees and costs and noted that it had reviewed most of the video of the initial hearing and the subsequent evidentiary hearing relative to defendant's motion to reinstate parenting time; we have not been provided a videotape of the proceedings. The trial court, speaking from the bench, indicated that it was going to grant plaintiff's motion for reconsideration and award plaintiff attorney fees and costs incurred as a result of the evidentiary hearing in September 2013. The trial court stated that it was doing so because defendant had not presented "a shred of evidence [at the evidentiary hearing] sufficient for [the presiding judge] to determine that he could even resume telephone calls with his daughter," thereby wasting plaintiff and the presiding judge's time. Defendant then demanded an evidentiary hearing on the parties' ability or inability to pay attorney fees and costs for purposes of MCR 3.206(C)(2)(a). This provision was one of the grounds cited by plaintiff in requesting attorney fees and costs when initially challenging defendant's reinstatement motion, but it was not the reason or ground that the trial court had just given for its decision that an award of fees and costs was proper. Nevertheless, the trial court agreed to conduct an evidentiary hearing regarding the application of MCR 3.206(C)(2)(a) before entering any order on plaintiff's motion for reconsideration.

Prior to the evidentiary hearing, plaintiff's counsel submitted an affidavit and bill of costs in support of a request for over $10,000 in attorney fees and costs incurred since the filing of defendant's motion to reinstate parenting time. Additionally, plaintiff submitted an evidentiary-hearing brief in which she indicated that an award of attorney fees and costs was appropriate under MCR 3.206(C)(2)(a) and (b) and MCR 2.114(D) to (F). On March 18, 2014, the trial court conducted the evidentiary hearing. At the beginning of the hearing and at various points thereafter, the trial court provided a bit of clarity regarding its position. The trial court stated that an award of attorney fees and costs was proper under MCR 3.206(C)(2)(b), which specifically provides that a party may obtain the payment of attorney fees and expenses in a domestic relations action when the party shows that the "fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply." Although not entirely clear, the trial court appeared to be of the view that defendant had effectively refused to comply with the order entered on April 22, 2011, which set the standard for reinstating parenting time, by filing a motion for reinstatement of parenting time absent a serious effort to remedy his mental illness and meet the standard.[3] Despite the trial court's position, it was willing to proceed with the evidentiary hearing with respect to the alternate ground for fees and costs set forth in MCR 3.206(C)(2)(a) (party unable to bear expenses and other party is able to pay), although the court believed it to be a waste of time and could not understand why defendant demanded the hearing, as fees and costs were going to be awarded under MCR 3.206(C)(2)(b) regardless of the outcome.

At the evidentiary hearing, of which we do have a transcript, the only witnesses were the parties themselves and the primary focus of their testimony was on their respective financial situations. We shall later address the nature of their testimony where relevant to the analysis of an appellate issue. At the conclusion of the evidentiary hearing, the trial court indicated that it was taking the issue of attorney fees and costs under advisement and would issue a written

---

[3] The trial court indicated that this had been its position at the previous hearing on plaintiff's motion for reconsideration.

opinion and order. On April 1, 2014, the trial court entered an opinion and order granting plaintiff's motion for reconsideration and awarding her $10,705 in attorney fees and costs. The trial court ruled that an award of attorney fees and costs was proper under MCR 3.206(C)(2)(a). The trial court indicated that defendant's 2013 income was approximately $50,000 and that plaintiff's 2013 income was only about $9,500, "not counting a one-time gambling win of $20,000[4] she and her husband received in 2013[,] which she testified was used to pay credit card debt." The court noted that the attorney fees and costs incurred by plaintiff in challenging defendant's losing motion to reinstate parenting time "likely exceed[ed] her after-tax wages for a year." The trial court found that plaintiff satisfied MCR 3.206(C)(2)(a), considering that plaintiff was "realistically unable to pay," that defendant was "able to pay," and had done so in the past, and that plaintiff "would not be able to litigate the issues herein without an attorney fee award."

Consistent with its ruling and statements from the bench, the trial court further determined that an award of attorney fees and costs was proper under MCR 3.206(C)(2)(b). Next, the trial court ruled that an award of attorney fees and costs as sanctions was proper because defendant had violated MCR 2.114(D) by filing a motion that was not well-grounded in fact.[5] MCR 2.114(E), which the trial court cited, provides for sanctions when subsection (D) is violated. Finally, the trial court cited MCR 2.114(F), which provides for sanctions when a claim or defense is frivolous. At the conclusion of the opinion and order, the trial court, while noting that defendant chose not to dispute the matters, found that the bill of costs represented reasonable amounts with respect to the time expended working on the case and the hourly rate of pay for plaintiff's counsel. Defendant now appeals as of right.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision to award attorney fees and costs under MCR 3.206(C) and MCR 2.114(D) to (F). *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012); *Woodington v Shokoohi*, 288 Mich App 352, 369; 792 NW2d 63 (2010). A trial court abuses its discretion when a ruling falls outside the range of reasonable and principled outcomes. *Woodington*, 288 Mich App at 355. The factual findings underlying a trial court's decision to award attorney fees and costs pursuant to MCR 3.206(C) or MCR 2.114(D) to (F) are reviewed for clear error. *Edge*, 299 Mich App at 127; *Woodington*, 288 Mich App at 369. "A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake was made." *Woodington*, 288 Mich App at 355. We review de novo related questions of law. *Myland v Myland,* 290 Mich App 691, 702; 804 NW2d 124 (2010). To the extent that we must interpret the court rules, our review is de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Finally, we

---

[4] The record reflects that plaintiff actually won $21,000, which occurred in Las Vegas, with plaintiff and her husband spending $1,000 of the winnings in Las Vegas.

[5] The trial court mistakenly cited MCR 2.114(C), which simply addresses the requirement of signing court documents; MCR 2.114(D)(2) contains the language indicating that a signature certifies that the signed document "is well grounded in fact and is warranted by existing law."

review for an abuse of discretion a trial court's ruling on a motion for reconsideration. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

## B. CITATION OF SUPPORTING LEGAL AUTHORITY

Defendant argues that the trial court erred in awarding plaintiff attorney fees and costs because plaintiff failed to cite supporting authority in seeking an award, especially with respect to MCR 2.114, which was never contemplated by either party. MCR 2.119(A)(1)(b) provides that "a motion must . . . state with particularity the grounds and authority on which it is based." MCR 3.206(C) permits a party, "at any time," to request attorney fees and costs in a domestic relations action by "alleg[ing] facts sufficient to show" the applicability of either MCR 3.206(C)(2)(a) or (b). And MCR 2.114(E) provides that "[i]f a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction[.]"

The record reflects that in response to defendant's motion to reinstate parenting time, plaintiff requested an award of attorney fees and costs under MCR 3.206(C)(2)(a) and (b), alleging supporting facts thereon, as incurred in challenging defendant's motion. In a motion to dismiss the scheduled evidentiary hearing relative to the potential reinstatement of parenting time, which motion was denied by the trial court, plaintiff again requested an award of attorney fees and costs under MCR 3.206(C)(2)(a) and (b). In plaintiff's evidentiary-hearing brief, plaintiff once more requested an award of attorney fees and costs pursuant to MCR 3.206(C)(2)(a) and (b). Following the evidentiary hearing on defendant's motion to reinstate parenting time, plaintiff filed a motion for attorney fees and costs, but failed to cite any supporting authority, although by that stage plaintiff had already repeatedly pled a request for an award under MCR 3.206(C)(2)(a) and (b). In plaintiff's motion for reconsideration of her rejected motion for attorney fees and costs, plaintiff did not cite any authority for an award; however, she did argue that an award was proper because fees and costs were incurred in having to address defendant's "baseless efforts to reinstate his parenting time," which was akin to arguing that defendant's motion was frivolous. Regardless, plaintiff subsequently submitted an evidentiary-hearing brief in support of her motion for reconsideration and an award of attorney fees and costs, and plaintiff cited MCR 3.206(C)(2)(a) and (b), as well as MCR 2.114(D) to (F).

Given this record, plaintiff more than adequately supported her position with citation to authority and defendant had plenty of notice of the basis for the request of an award of attorney fees and costs. We also note that, as indicated above, MCR 2.114(E) expressly allows a trial court to award sanctions "on its own initiative." Therefore, even had plaintiff never mentioned MCR 2.114, the trial court had the authority to *sua sponte* award attorney fees and costs under MCR 2.114. In sum, defendant's argument of insufficient citation to authority lacks merit.

## C. PRINCIPLES GOVERNING MOTIONS FOR RECONSIDERATION

Defendant contends that the trial court erred in granting plaintiff's motion for reconsideration on the issue of attorney fees and costs, considering that plaintiff did not raise any new legal issues or facts and simply regurgitated the allegations and claims asserted in the underlying motion for fees and costs. MCR 2.119(F)(3) provides:

> *Generally, and without restricting the discretion of the court*, a motion for
> rehearing or reconsideration which merely presents the same issues ruled on by

the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error. [Emphasis added.]

Consistent with the emphasized language in MCR 2.119(F)(3), a "trial court . . . has the discretion to give a litigant a 'second chance' even if the motion for reconsideration presents nothing new." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012); see also *Hill v City of Warren*, 276 Mich App 299, 306-307; 740 NW2d 706 (2007). Accordingly, even if plaintiff presented nothing new in regard to her motion for reconsideration relative to attorney fees and costs, the trial court was free to exercise its discretion and grant the motion for reconsideration.

### D. MCR 3.206(C)

MCR 3.206 governs pleadings in domestic relations actions, and subsection (C) of the court rule provides in full:

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that

(a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

The party requesting attorney fees and costs under MCR 3.206(C) bears "the burden of showing facts sufficient to justify the award." *Woodington*, 288 Mich App at 370. Further, attorney fees and costs can be awarded under MCR 3.206(C)(2)(a) " 'only as necessary to enable a party to prosecute or defend' " relative to domestic relations actions. *Myland*, 290 Mich App at 702, quoting *Gates v Gates*, 256 Mich App 420, 438; 664 NW2d 231 (2003). In the context of examining a party's ability to prosecute or defend, a party cannot be made to invade support assets to satisfy attorney fees. *Myland*, 290 Mich App at 702. "Further, a party sufficiently demonstrates an inability to pay attorney fees when that party's yearly income is less than the amount owed in attorney fees." *Id.* Ultimately, however, the particular factual circumstances of the case govern whether there is an ability to pay for attorney fees. *Loutts v Loutts*, ___ Mich App ___; ___ NW2d ___ (2015), slip op at 8. "This requires a trial court to give 'special consideration to the specific financial situations of the parties and the equities involved.' " *Id.*, quoting *Myland*, 290 Mich App at 703.

We initially address defendant's argument that MCR 3.206(C)(2)(b) was inapplicable. We agree. Defendant simply did not violate or refuse to comply with a court order by filing the motion to reinstate parenting time. In the April 22, 2011 order, the trial court stated that

defendant's parenting time would be reinstated upon adequate proof "of the basis for reinstatement."[6] By filing a motion to reinstate parenting time that failed to establish the threshold set by the trial court, even if the motion was frivolous, defendant was not violating or refusing to comply with the April 22, 2011 order. MCR 3.206(C)(2)(b) envisions scenarios where, for example, a party refuses to pay child support, refuses to allow mandatory parenting time, or refuses to take a child to court-ordered therapy, and the other party is forced to commence court proceedings for redress, incurring attorney fees and expenses in the process. MCR 3.206(C)(2)(b) concerns contempt-like circumstances. Here, defendant simply failed to establish any entitlement to relief under the April 22, 2011 order.

With respect to MCR 3.206(C)(2)(a), defendant first argues that the trial court erred by relying solely on plaintiff's annual income in 2013 of approximately $9,500 while entirely ignoring and disregarding the $21,000 in gambling earnings that she also received in 2013. Defendant contends that the fact plaintiff used the gambling monies to pay credit card debt is completely irrelevant to determining income and analyzing MCR 3.206(C)(2)(a).

Initially, we find it quite notable that defendant does not argue that the evidence showed that he was unable to pay plaintiff's attorney fees and costs. Rather, defendant's focus is on plaintiff's ability to bear the expenses of the litigation. The record reflects that both parties have buried themselves in attorney-fee debt because of the incessant litigation; defendant borrowing from his retirement account and plaintiff borrowing from her mother. In assessing plaintiff's ability to bear the expenses of the litigation associated with defendant's motion to reinstate parenting time, we fail to understand why the trial court would not have considered the $21,000 that plaintiff won in Las Vegas. These winnings were not awarded support assets that would be invaded by taking them into consideration in determining ability to pay. The fact that she may have used the money to pay credit card debt appears irrelevant; defendant was also clearly paying debts with his income. Moreover, as discussed and testified to at the evidentiary hearing on the motion for reconsideration, the friend of the court had been imputing income in the amount of $20,000 per year to plaintiff.[7] On the other hand, there was testimony and evidence presented at the evidentiary hearing that suggested that defendant was involved, in some form or manner, with a business purportedly owned by defendant's father and operated from defendant's property, even though defendant adamantly denied receiving any income from the business. Plaintiff has accused defendant throughout the litigation of hiding income.

Defendant maintains that the trial court disregarded the evidence showing plaintiff's lavish lifestyle, which included annual family trips to Florida, a vacation in Las Vegas, and membership at a country club. However, plaintiff testified that her mother paid for the

---

[6] Defendant complains at length about the lack of clarity in the order; however, had defendant bothered to appear at the evidentiary hearing, he likely could have obtained some clarification with a simple inquiry, or perhaps the court made statements from the bench that would have been insightful. Moreover, defendant could have also simply filed a timely motion for clarification after entry of the order, but he failed to take that reasonable step.

[7] Plaintiff also testified that she was set to begin a new job that paid $20,000 per year.

condominium used for the Florida trips, that the country club membership cost only $200 per year, and that the one-time trip to Las Vegas involved a short three-day stay.

Taking into consideration the imputed income and the Las Vegas winnings, defendant still out-earned plaintiff in 2013 by about $10,000, even assuming that defendant's only income was, as he claimed, the $49,000 earned in his employment with the Saline Fire Department. Additionally, our focus, as framed by defendant's appellate arguments, is on plaintiff's ability to bear the expenses of the litigation, and there was uncontroverted evidence that plaintiff was forced to borrow over $10,000 from her mother, who expects full repayment, in order to specifically litigate defendant's failed motion to reinstate parenting time. See *Diez v Davey*, 307 Mich App 366, 397; 861 NW2d 323 (2014) ("If anything, the fact that defendant had to borrow money [from a family member] to pay her fees only underscores her inability to pay the expenses, further justifying an award under MCR 3.206[C][2][a]."). Under these circumstances, we are not prepared to reverse the trial court's ruling under MCR 3.206(C)(2)(a), despite some flaws in the trial court's reasoning.

## E. ATTORNEY FEES AND COSTS ASSOCIATED WITH THE EVIDENTIARY HEARING

Defendant argues that the trial court should not have awarded plaintiff any attorney fees and costs incurred as a result of the evidentiary hearing on plaintiff's motion for reconsideration, considering that the only way the trial court could validly rule on MCR 3.206(C)(2)(a) was to first take evidence concerning the parties' financial situations. This argument neglects to acknowledge that the trial court had already determined that an award of attorney fees and costs was appropriate under MCR 3.206(C)(2)(b) before the evidentiary hearing was conducted, and that it was defendant's demand for an evidentiary hearing that caused it to occur. We note that defendant did not generally challenge the reasonableness of the attorney fees and costs being sought by plaintiff. We recognize that we have now held that an award of attorney fees and costs was not justified under MCR 3.206(C)(2)(b). However, as discussed below, we have no basis to reverse the trial court's award under MCR 2.114. And, ultimately, the evidentiary hearing on plaintiff's motion for reconsideration would not have occurred but for defendant's frivolous and factually-unwarranted motion for reinstatement of parenting time. Therefore, plaintiff was properly awarded attorney fees and costs incurred in connection with the evidentiary hearing itself.

## F. MCR 2.114(D) to (F)

MCR 2.114 concerns the execution of pleadings, motions, affidavits, and other documents alluded to in the court rules, and it provides, in relevant part:

> (D) The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that
>
> . . .
>
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law[.]

(E) If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(F) In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs . . . . [8]

The trial court found that defendant had violated MCR 2.114(D), as the provision required defendant's reinstatement motion to be well grounded in fact. The trial court, by citing MCR 2.114(F), also evidently concluded that defendant's motion was frivolous. Defendant argues that his reinstatement motion was not frivolous and that it was well grounded in fact, where an expert testified that it would be in the child's best interests to reinstate parenting time and where defendant testified about attending therapy. As indicated earlier, we have no transcript of the evidentiary hearing on defendant's motion to reinstate parenting time, so it is impossible for us to engage in any kind of assessment of the evidence presented at the hearing. "The appellant[, here defendant,] is responsible for securing the filing of the transcript as provided in this rule." MCR 7.210(B)(1)(a). "[A]nd we generally refuse to consider issues for which an appellant has failed to" procure the transcript as provided in MCR 7.210(B)(1)(a). *People v Dunigan*, 299 Mich App 579, 587-588; 831 NW2d 243 (2013). In its opinion and order, the trial court summarized, as follows, the presiding judge's ruling at the evidentiary hearing on defendant's motion to reinstate parenting time:

The evidentiary hearing was held September 18 and 20, 2013, ending when [the presiding judge] determined that [d]efendant had not met his burden of proof and that there was no need for [p]laintiff to put on any contrary evidence. [The presiding judge] noted her nearly 11 years of experience with the case and the witness evidence. She found that [d]efendant had not changed in his behavior.

---

[8] The question whether a claim is frivolous is evaluated at the time the claim was raised. *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). The objective of sanctions "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 723; 591 NW2d 676 (1998). Sanction provisions should not be construed in a manner that has a chilling effect on advocacy, that prevents a party from bringing a difficult case, or that penalizes a party whose claim initially appears viable but later becomes unpersuasive. *Louya v William Beaumont Hosp*, 190 Mich App 151, 163; 475 NW2d 434 (1991). "Not every error in legal analysis constitutes a frivolous position" and "merely because this Court concludes that a legal position asserted by a party should be rejected does not mean that the party was acting frivolously in advocating its position[,]" especially in regard to legal issues that are complex and not easily resolved. *Kitchen v Kitchen*, 465 Mich 654, 662-663; 641 NW2d 245 (2002).

She noted her ongoing concern about [d]efendant's ability to be a parent, stated she found that [d]efendant had "no moral judgment," that she had concluded the child would not be safe during parenting time, and that [d]efendant had failed to change in any way. She noted that he was still failing to take any responsibility for his actions or to admit when he was wrong. [The presiding judge's] subsequent order . . . directed [d]efendant to submit to [p]laintiff's counsel for approval a list of therapists who could provide [d]efendant with "serious and deep therapy" as described by the expert witnesses . . .; she declined to allow parenting time during therapy. She noted [d]efendant's therapist would have to show sufficient change or progress in his condition in order to reconsider parenting time.[9.]

The trial court also noted that the presiding judge, speaking at the evidentiary hearing, had "found that defendant had made no significant progress toward the goal she had earlier enunciated, which was to improve his mental health[,]" and that the presiding judge "was not even moved to grant telephone or supervised parenting time to [d]efendant."[10] While the trial court indicated its belief that the presiding judge would have awarded attorney fees and court costs, the trial court also made clear that it was awarding fees and costs under MCR 2.114 on its own "independent review."

Given that we have no record to review and thus have no reason or basis to question or call into doubt the trial court's analysis and interpretation of the presiding judge's findings, as well as the trial court's conclusion that defendant's reinstatement motion was frivolous and not well grounded in fact, we affirm the award of attorney fees and costs under MCR 2.114(D) to (F).

---

[9] As mentioned earlier, the trial court's construction and summarization of the presiding judge's ruling at the evidentiary hearing was based on the court's review of a video of the evidentiary hearing, which is cited in the trial court's opinion and order. The lower court record conveyed to us does not contain a videotape of the evidentiary hearing.

[10] We note this Court's recent decision in *Kaeb v Kaeb*, __ Mich App __; __ NW2d __ (2015), slip op at 8, wherein the Court ruled:

> Consistent with a trial court's authority to adopt, revise, or revoke a condition whenever it is in the best interests of the child to do so, see MCL 722.27(1); MCL 722.27a(1) and (8), we hold that a party requesting a change to an existing condition on the exercise of parenting time must demonstrate proper cause or a change in circumstances that would justify a trial court's determination that the condition in its current form no longer serves the child's best interests. MCL 722.27(1)(c).

## III. CONCLUSION

The trial court did not err in awarding plaintiff attorney fees and costs pursuant to MCR 3.206(C)(2)(a) and MCR 2.114(D) to (F). Accordingly, we affirm the award.

Affirmed. Having prevailed on appeal, plaintiff is awarded taxable costs pursuant to MCR 7.219.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto