*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JILL MOORE,

        Plaintiff-Appellee,

v

JEFFREY MOORE,

        Defendant-Appellant.

UNPUBLISHED
January 17, 2019

No. 342596
Bay Circuit Court
Family Division
LC No. 14-007567-DM

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant-father appeals by right the trial court's order establishing a parenting-time schedule regarding the parties' two minor children. We affirm but remand to the trial court for a determination of appellate attorney fees and costs.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On July 14, 2015, a consent judgment of divorce was entered, under which the parties received joint physical and legal custody and were each to exercise parenting time on an alternating-week schedule. Initially, both parties lived in the Bay City area. However, in the spring of 2016, defendant obtained new employment and subsequently moved to Farmington Hills. Given defendant's move, plaintiff requested that the trial court change the parenting-time schedule. The trial court held a hearing on July 13, 2017, to determine the parenting-time schedule. In August 2017, the trial court entered a written order that essentially adopted the parenting-time schedule proposed by defendant, ordering that defendant would have the children for the majority of the summer and on every other weekend during the school year. Given that the children were to attend school in the Bay City area, plaintiff would have the children on weekdays and on every other weekend during the school year. She would also have them for one week at the beginning and end of summer. The parties were to meet with the Friend of the Court to determine the exact details of the summer schedule.

Because the parties were unable to agree on virtually any of the parenting-time details, another hearing was held on December 11, 2017. At this hearing, the trial court ordered that the

children would be with defendant except for one week with plaintiff prior to Labor Day and one week with plaintiff after the school year ended; during the school year, the children would be with defendant on the weekends, except for one weekend per month with plaintiff; and holidays and vacation times would be alternated. After the hearing, defendant filed a proposed order, but plaintiff objected. A hearing was held on January 22, 2018, to address plaintiff's objections. The trial court issued a formal order on February 5, 2018, clarifying such details as the start time for weekends and school breaks.

## II. ANALYSIS

## A. STANDARD OF REVIEW

"Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010) (quotation marks and citation omitted). "[T]his Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Id*. at 21. "An abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*. (quotation marks and citation omitted; alteration in original). Finally, "[c]lear legal error occurs 'when the trial court errs in its choice, interpretation, or application of the existing law.' " *Id*. (quotation marks and citation omitted).

## B. DISCUSSION

## 1. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

Defendant asserts that the parenting-time schedule contained within the February 2018 order modified or changed the August 2017 schedule, and that the trial court was therefore required to find a proper cause or change of circumstances before modifying or changing the August 2017 schedule. As the trial court failed to do so, defendant contends that it abused its discretion and committed error requiring reversal. We disagree and conclude that the February order did not modify a prior order.

In a child custody proceeding, a trial court may modify a previous judgment or order, which includes an order or judgment concerning parenting time, only when there is proper cause or a change of circumstances has occurred. *Shade*, 291 Mich App at 22-23. See also MCL 722.1102(c) and MCL 722.27(1)(c). "When a modification would change the established custodial environment of a child, the moving party must show by clear and convincing evidence that it is in the child's best interest." *Id*. at 23. However, when "the proposed change does not change the custodial environment . . . the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests." *Id*.

The definitions of "proper cause" and "change of circumstances" were defined by this Court in *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003). However, these definitions apply only to a change in custody, not to a modification in parenting time. *Shade*,

291 Mich App at 25-27. A "more expansive definition of 'proper cause' or 'change of circumstances' is appropriate for determinations regarding parenting time when a modification in parenting time does not alter the established custodial environment." *Id*. at 28.

The trial court's August 2017 order stated that "the parties are to modify their parenting time schedule, maintaining a 50/50 parenting time arrangement (*or an arrangement closely facilitating this equal parenting time structure*) . . ." (emphasis added). Contrary to defendant's argument, this order did not require a precise 50/50 split in parenting time. Rather, the trial court ordered that the parties maintain an equal parenting time arrangement *or a similar arrangement*.

Comparing the August order and the February order, the latter order fell within the parameters set by the former. Both orders gave defendant parenting time during the summer and on certain weekends during the school year; both orders gave plaintiff parenting time on weekdays and on certain weekends during the school year; and, finally, both orders gave plaintiff parenting time mid-summer and at the beginning and end of summer. The two orders represent the same general parameters with only minor deviations due to the parties' disagreements. Because the February order did not modify any prior parenting-time order, plaintiff was not required to show proper cause or a change of circumstances prior to its entry.

## 2. VEXATIOUS AND FRIVOLOUS APPEAL

Plaintiff argues that defendant's appeal is vexatious under MCR 7.216(C) or, alternatively, frivolous. We agree that defendant's appeal is frivolous and we therefore award plaintiff sanctions under MCR 2.625(A)(2).[1]

Frivolous pleadings, including appeals, are governed by several provisions. MCR 1.109(E)(6)[2] states:

> If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

MCR 1.109(E)(6) works in tandem with MCR 1.109(E)(2), which requires a party's attorney, or the party if not represented by an attorney, to sign every document. MCR 1.109(E)(5) states that in signing a document the signer certifies that

---

[1] Because plaintiff did not file a motion in this Court under MCR 7.216(C), we decline to award sanctions for the filing of a vexatious appeal. See *In re Daniels Estate*, 310 Mich App 450, 460-461; 837 NW2d 1 (2013).

[2] Formerly MCR 2.114.

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Moreover, MCR 1.109(E)(7) states that "[i]n addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages." MCR 2.625(A)(2) states that "[i]n an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591(1) states that

if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

This Court has authority to issue sanctions under both of these rules and the statute. *Edge v Edge*, 299 Mich App 121, 128-133; 829 NW2d 276 (2012). "Frivolous" is defined in MCL 600.2591(3)(a):

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

In this case, our review of the record convinces us that defendant's appeal is frivolous. Keeping in mind the less stringent standard to which this Court holds pro se parties, *People v Herrera*, 204 Mich App 333, 339; 514 NW2d 543 (1994), we nonetheless conclude that sanctions are warranted. The February order was merely an extension of the August order and resulted solely from the parties' inability to agree on virtually any portion of the parenting-time schedule. Accordingly, defendant's arguments on appeal lack a reasonable legal basis. Further, we are convinced that defendant's appeal was submitted for an improper purpose, "such as to harass [plaintiff] or to cause unnecessary delay or needless increase in the cost of litigation [to plaintiff]." MCR 2.114(D)(3). See also MCL 600.2591(3)(a)(*i*).

We affirm the trial court's decision and award plaintiff the fees and costs arising from this appeal. We remand to the trial court for a determination of appellate attorney fees and costs. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel