*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALFRED POSA, MARY LOU POSA, TANYA
PADO, RONALD MALEC, and LINDA MALEC,

UNPUBLISHED
April 30, 2025
1:42 PM

Plaintiffs-Appellants,

v

No. 368777 and 368920
Wayne Circuit Court
LC No. 22-008809-AA

CHARTER TOWNSHIP OF NORTHVILLE,

Defendant-Appellee,

and

MEADOWBROOK COUNTRY CLUB,

Intervenor-Miscellaneous.

Before: MARIANI, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

In these consolidated appeals, plaintiffs appeal as of right the order granting the motion of intervening defendant, Meadowbrook Country Club ("MCC"), for attorney fees and costs,[1] and the order granting in part and denying in part the motion of defendant, Charter Township of Northville (the "Township"), for attorney fees and costs. On appeal, plaintiffs argue the circuit

---

[1] On the morning of oral argument before this Court, plaintiffs and Meadowbrook Country Club submitted a Stipulation to Dismiss Intervenor/Appellee Meadowbrook Country Club, pursuant to MCR 7.218(B). The parties subsequently submitted amendments to the stipulation, after which this Court entered an order dismissing Meadowbrook Country Club as a party to the instant appeals pursuant to the terms of the stipulation. *Posa v Charter Twp of Northville*, unpublished order of the Court of Appeals, entered April 15, 2025 (Docket Nos. 368777; 368920).

court abused its discretion in awarding attorney fees because there is no authority allowing the circuit court to award attorney fees in an appeal.

The zoning dispute underlying this appeal arises out of the Township's approval of a special land use grant to MCC. Plaintiffs appealed the grant to the Northville Zoning Board of Appeals ("ZBA"), which unanimously denied the appeal. Plaintiffs then appealed to the circuit court, which affirmed, and granted the Township and MCC permission to request attorney fees and costs.[2] After both parties moved for attorney fees and costs, two hearings were held. At the second hearing, the circuit court stated on the record that MCR 1.109(E)(5) and (E)(7), MCR 2.625(A)(2), and MCL 600.2591 all supported an award of attorney fees. The court did not elaborate on the reasoning underlying that conclusion. There was some confusion at the hearing about whether the court had made its findings and determination to that effect at a prior hearing.[3] The court ultimately stated, "So my recollection is I made a ruling, if I didn't, I just did," and then the hearing proceeded to address the amount of fees that would be awarded.

The circuit court granted in part and denied in part the Township's motion for attorney fees and costs, awarding $6,660 in attorney fees to the Township. Plaintiffs appealed.

Plaintiffs argue the circuit court abused its discretion in awarding attorney fees to the Township because there is no authority allowing the circuit court to award attorney fees in an appeal. We hold the circuit court abused its discretion when it made an error of law in identifying the basis for its award of attorney fees. Because the reasons for the circuit court's decision are not in the record, however, we cannot evaluate whether it nonetheless reached the right result in awarding fees, and we remand to the circuit court for explanation.

"[T]his Court reviews for an abuse of discretion a trial court's ultimate decision whether to award attorney fees. An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Brown v Home-Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012) (quotation marks and citations omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

"A trial court's determination that an action is frivolous is reviewed for clear error." *Bradley v Frye-Chaiken*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket Nos. 164900; 164901); slip op at 11. "A finding is clearly erroneous where, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake has been made." *Smith v Straughn*, 331 Mich App 209, 215; 952 NW2d 521 (2020). "We review de novo the proper interpretation and application of statutes and court rules[.]" *Bradley*, ___ Mich at ___; slip op at 11.

---

[2] Although MCC was dismissed from this appeal via stipulation, we will discuss MCC's arguments where it is clear that the Township relied on MCC's briefing and arguments in the trial court.

[3] The record before us reflects no such prior findings and determination.

A circuit court has jurisdiction over an appeal of right filed by an aggrieved party from "a final order or decision of an agency from which an appeal of right to the circuit court is provided by law." MCR 7.103(A)(3). Accordingly, this case is governed by the appellate court rules because plaintiffs filed a claim of appeal of the ZBA's decision in the circuit court under MCL 125.3605, which states: "The decision of the zoning board of appeals shall be final. A party aggrieved by the decision may appeal to the circuit court for the county in which the property is located as provided under [MCL 125.3606]." MCL 125.306.

After affirming the ZBA's decision, the circuit court awarded attorney fees under MCR 1.109(E)(5) and (7), MCR 2.625(A)(2), and MCL 600.2591. MCR 1.109(E) states, in relevant part:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> \* \* \*
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> \* \* \*
>
> (7) *Sanctions for Frivolous Claims and Defenses*. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

MCR 1.109(E)(7) refers to MCR 2.625(A)(2), which states: "[I]f the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." In turn, MCL 600.2591 states:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.
>
> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

Plaintiffs argue MCL 600.2591 does not allow for attorney fees to be awarded on appeal, and cites this Court's holdings in *Fette v Peters Constr Co*, 310 Mich App 535, 551-552; 871 NW2d 877 (2015), and *Edge v Edge*, 299 Mich App 121, 134; 829 NW2d 276 (2012), in support.

Notably, the Township failed to cite under what authority they were moving for attorney fees, opting to "adopt" MCC's arguments at the hearing.[4]  MCC argued plaintiffs' reliance on these cases is mistaken because the underlying facts are distinguishable, and "[n]either case addresses the authority of the [circuit court] to award attorneys' fees for a frivolous or vexatious proceeding in the nature of an appeal in the [circuit court]."  MCC stated that this Court in *Fette* held "MCL 600.2591 *did not apply to appeals before the Court of Appeals* but rather to civil actions in Circuit Court."  *Edge* occurred "*following the completion of an appeal to the Court of Appeals*" and related to a trial court motion for attorney fees "*incurred in the appeal . . . .*"  MCC further explained that the *Edge* Court held "the circuit court had no authority to award sanctions for a frivolous appeal in that 'the circuit court was not the court that conducted the appeal[.]' "

MCC is correct in its explanations of the rulings in *Fette* and *Edge*; however, MCC (and by extension, the Township) incorrectly implies that both cases are inapplicable here.  MCL 600.2591 "does not allow for an award of appellate costs and attorney fees."  *Fette*, 310 Mich App at 552.  In *Fette*, this Court explained the plain language of MCL 600.2591 provides the statute only applies to civil actions, and an appeal from the circuit court to this Court was not a civil action because it did not relate to the filing of a complaint.  *Id*.  "In other words, any expenses incurred on appeal cannot fairly be attributed to the filing of a frivolous complaint in the circuit court."  *Id*.  The Court in *Edge* explained MCL 600.2591 "only permits 'the court that conduct[ed] the civil action' to award costs and fees[.]"  *Fette*, 310 Mich App at 552-553, quoting *Edge*, 299 Mich App at 134.  Here, plaintiffs did not file an original action in the circuit court because they were appealing a decision of the ZBA.  Because the circuit court was sitting as an appellate court and did not conduct the civil action, MCL 600.2591 does not apply.  See *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 583-584; 983 NW2d 798 (2022) ("[A]n appeal under MCL 125.3605 is different from an original action because the former invokes a circuit court's appellate authority . . . ."); see also *id*. at 597-598 ("Further, unlike in an original lawsuit, a circuit court sits as an appellate body . . . when reviewing an appeal brought under MCL 125.3605 and MCL 125.3606.").

Because MCL 600.2591 is inapplicable, neither are MCR 2.625(A)(2) or MCR 1.109(E)(7).

> MCR 1.109(E)(7) is essentially a conduit to MCL 600.2591 in that the rule cites MCR 2.625(A)(2), which then cites the statute, which provides for the sanctions. That is, MCR 1.109(E)(7) provides for sanctions as provided in MCR 2.625(A)(2), "[i]n addition to sanctions under [MCR 1.109(E)(1) through (6)]," on the basis of a party pleading a frivolous claim or defense.  MCR 1.109(E)(7) thus largely mirrors the basis for sanctions that may be asserted under MCL 600.2591. In essence, if sanctions are imposed under MCR 1.109(E)(7), those additional sanctions are based on the same sanctionable conduct required by MCL 600.2591.  [*Bradley*, ___ Mich at ___; slip op at 12 n 20.]

---

[4] Thus, despite plaintiffs' decision to dismiss MCC from the current appeal, we will review MCC's position as reflecting the Township's position.

Moreover, the trial court made no specific findings that plaintiffs' appeal was not well grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law under MCR 1.109(E)(5)(b). There is also no finding that plaintiffs' action was filed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." See MCR 1.109(E)(5)(c).[5] Accordingly, because the circuit court incorrectly awarded attorney fees under inapplicable court rules and statutes, the circuit court necessarily abused its discretion. See *Pirgu*, 499 Mich at 274 ("A trial court necessarily abuses its discretion when it makes an error of law.").

This Court "will not reverse a trial court's decision if the right result is reached for the wrong reason." *Schellenberg v Rochester, Mich Lodge No 2225*, 228 Mich App 20, 47; 577 NW2d 163 (1998). "In addition to its general appellate powers, the circuit court may grant relief as provided in MCR 7.216." MCR 7.112. In accordance with MCR 7.112, under MCR 7.216(C)(1), the circuit court sitting as an appellate court may

> on its own initiative or on the motion of any party filed under MCR 7.211(C)(8), assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because
>
> (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or
>
> (b) a pleading, motion, argument, brief, document, record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court.

MCR 7.216(C) explicitly allows the circuit court sitting as an appellate court to provide for disciplinary action "on its own initiative." MCR 7.216(C)(1). The circuit court did not award attorney fees for a vexatious appeal under MCR 7.216(C), instead awarding fees under provisions for frivolity. As defined in MCL 600.2591(3):

> (a) "Frivolous" means that at least 1 of the following conditions is met:
>
> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

---

[5] The circuit court identified MCR 1.109(E)(5) as a potential basis for the fee award. Unlike the other cited bases for the award, that subrule is not necessarily inapplicable here. For the reasons discussed *infra*, however, the court's failure to provide any explanation for an award on that basis (or any other) requires remand.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

As discussed above, MCL 600.2591 and the related court rules under which the circuit court awarded attorney fees were not applicable to this case. Notably, "the definition of a vexatious appeal is much broader than the definition of a frivolous claim or defense." *Edge*, 299 Mich App at 135. As such, it is reasonable to infer from the parallels in the statutory definitions of "frivolous" and "vexatious" that the circuit court would have similarly held plaintiffs' appeal to be vexatious. Because the circuit court's reasons for finding plaintiffs' appeal to be frivolous are not stated on the record, however, this Court is unable to determine if the circuit court clearly erred in making that determination. See *Kailimai v Firestone Tire & Rubber Co*, 398 Mich 230, 233; 247 NW2d 295 (1976) ("The Court of Appeals cannot decide this question without benefit of the lower court file and transcripts or a stipulated record.").

Because MCR 1.109(E)(7), MCR 2.625(A)(2), and MCL 600.2591 are inapplicable as a matter of law, the circuit court necessarily abused its discretion in relying on their authority to award attorney fees. Nevertheless, the circuit court had authority to award attorney fees under different court rules. We therefore vacate the trial court's orders and remand this case to the circuit court to hold a hearing and, if it determines that an award of fees is appropriate, to articulate the specific basis for the award and its reasoning on the record. We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney